## Appeal of Jacob G. Neafie et al.

Where receiver's certificates are issued under an order of court which did not limit their payment to any particular fund, the fact that the petition was for leave to issue the certificates in form payable out of a particular fund will not confine the holders of such certificates to that fund; they are not bound to look beyond the order of the court.

One who loans money on receiver's certificates, is not bound to look to the application of the money; he is entitled to rely upon the court to see that its officer makes a proper use of the money he is authorized to borrow.

(Argued January 5, 1888. Decided January 23, 1888.)

January Term, 1887, No. 341, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal by Jacob J. Neafie et al., partners as Neafie & Levy, from a decree of the Common Pleas No. 2 of Phidadelphia County in suit of New York National Banking Association v. American Ship Building Company, dismissing their exceptions to a master's report and ordering the receiver to pay certain outstanding certificates from funds in his hands. Affirmed.

On April 18, 1884, Henry H. Gorringe, receiver of the American Ship Building Company, petitioned the court for leave "to borrow the sum of $30,000 upon receiver's certificates, bearing interest at the rate of 6 per cent. per annum, redeemable at option out of the surplus money to be received upon the delivery of the vessels now in course of construction," the money being needed to complete these vessels.

After reference to a master the petition was granted, but the form of certificate authorized was for "money borrowed by said receiver, under order of court, for payment of wages, for work done and for materials furnished in and about the completion of

NOTE.—The receiver may be authorized to issue certificates when necessary to the operation of the business. Taylor v. Baltimore & L. R. Co. 7 York Legal Record, 174; Bucks County R. Co.'s Receivership, 22 Pa. Co. Ct. 170. Rutherford v. Pennsylvania Midland R. Co. 178 Pa. 38, 35 Atl. 926. If certificates having priority of lien are voluntarily surrendered for certificates having no priority, the holder will have no preference to debts contracted by the receiver for carrying on the necessary work. Lewis v. Linden Steel Co. 183 Pa. 248, 38 Atl. 606.

the vessels of said company now under construction," and made no mention of any special fund out of which the certificates were redeemable. Certificates to the amount of $8,000 only were issued, and no profits were realized from the vessels.

After the death of Mr. Gorringe, the new receiver, John W. Hoffman, sold all the tools and other property about the company's yard and applied to the court for leave to pay the receiver's certificates from the fund realized by this sale.

The master to whom this was referred reported in favor of ordering this payment, to which report the general creditors excepted.

The court, MITCHELL, J., dismissed the exceptions and entered a decree in accordance with the report of the master. Thereupon, this appeal was taken, specifying for error this action of the court.

*J. Warren Coulston,* for appellants.—It is clear, from the undisputed facts in the case, that the prayer of the receiver, and the recommendation of the master that it should be granted, show that if this relief was given to the receiver (the power to borrow money upon certificates) the certificates would be paid out of moneys to be realized from the construction of specific chattels, *viz.,* the vessels mentioned in the petition. The court below, therefore, had no power to make the decree, except in conformity with the prayer of the petition.

It is well settled by this court that in administering equity the decree must be consistent with the relief specifically prayed for. Passyunk Bldg. Asso.'s Appeal, 83 Pa. 441; Delaware & H. Canal Co. v. Pennsylvania Coal Co. 21 Pa. 131; Horton's Appeal, 13 Pa. 67.

The holders of these certificates are not blameless. The certificates show that the money was borrowed for special purposes, *viz.,* to pay wages for work done, and for material furnished in and about the completion of the vessels of said company now under construction. This put them upon notice of the fact that the certificates were to be paid out of special funds to be realized from the construction of these vessels. Bank of Montreal v. Chicago, C. & W. R. Co. 48 Iowa, 518.

Besides this, the law is that receiver's certificates do not import a general liability, for they are a charge upon a specific fund. They are therefore not negotiable; and the holder

is bound 'to look to the terms of the order authorizing their issue, and he takes them subject to the equities between the original parties. Article on Railway Receivers, 14 W. N. C. 521, 524; Swann v. Clark, 110 U. S. 602, 28 L. ed. 256, 4 Sup. Ct. Rep. 241; Union Trust Co. v. Chicago & L. H. R. Co. 7 Fed. 513.

General creditors, as a rule, are entitled to the payment of their claims out of property remaining after preferred creditors have been satisfied. But was it ever heard of that a creditor of a receiver—who has remained quiescent for upwards of two years, and who has allowed the funds out of which he was to be paid and upon which the court had created a lien for his protection to be either misappropriated or applied to other uses—may lawfully claim a fund as a preferred creditor without holding a security which upon its face gives him a preference? See Metropolitan Trust Co. v. Tonawanda Valley & C. R. Co. 106 N. Y. 673, 13 N. E. 937.

*Thomas De Witt Cuyler* and *Geo. Tucker Bispham,* for appellees.—The order of court contained no limitation as to the fund out of which these certificates were to be paid, nor any direction that the holder of such certificates should look to the application of the money raised upon certificates nor to any specific fund for the repayment of the same.

The cases cited by appellants are not in their favor. In Swann v. Clark, 110 U. S. 602, 28 L. ed. 256, 4 Sup. Ct. Rep. 241, it was expressly held that receiver's certificates were a first lien upon the property, and would be provided for by the court before the payment of other sums. The only question there was as to whether certificates, which had been issued for ninety cents on the dollar and pledged for their face value, could be redeemed for a greater amount than that actually received by the receiver when issuing them.

Mr. Patterson's article on Railway Receivers, 14 W. N. C. 524, simply passes upon the question as to whether receiver's certificates will take precedence of liens, the holders of which have not received notice of the application under which certificates were issued.

This is not the case of a lien creditor. Union Trust Co. v. Chicago & L. H. R. Co. 7 Fed. 513, has no bearing upon the case at bar.

· Even if the order directing the issue of receiver's certificates. is to be construed as directing a special fund (to wit: the purchase money received from the ships) to be applied, in the first instance, to meet them, still the holders of the certificates are not responsible for the receiver's failure so to apply those funds.

"I do not think," said Judge Woods in Stanton v. Alabama &. C. R. Co. 2 Woods, 516, 517, Fed. Cas. No. 13,296, "that the lenders of money on hypothecated certificates were bound to look after the application of the money loaned to the receivers. . . . Their money cannot be confiscated because receivers appointed by the court at the instance of the trustees for the bondholders may have been unfaithful to their trust."

This language was quoted with approval in Union Trust Co. v. Illinois Midland R. Co. 117 U. S. 434, 29 L. ed. 963, and the same rule applied by that court.

But there is nothing whatever in the order or in the certificate limiting the fund out of which the certificates are to be paid; and we are entitled to rely upon the general doctrine that the court will always apply funds under its control to meet obligations which have been taken on the faith of its decree.

This general principle will be found expressed in an article in 19 American Law Review, p. 420, where the following language from Dow v. Memphis & L. R. R. Co. 20 Fed. 269, was cited with approval: "No court, therefore, should engage in the operation of a railroad without reserving to itself the means of discharging the obligations incurred in the business. In its effort to coerce a corporation to pay its debts, a court should not contract obligations of its own and neglect to make provision for their payment. It would be a scandal to do so. Courts should pay their debts, if nobody else does."

This language of Judge Caldwell is only in accordance with the general scope of all the decisions of the Supreme Court of the United States giving priority to such securities, from Fosdick v. Schall, 99 U. S. 235, 25 L. ed. 339; to Union Trust Co. v. Illinois Midland R. Co. 117 U. S. 434, 29 L. ed. 963.


Per Curiam:

The order of the court did not limit the payment of the certificates to any particular fund. They were necessary for the purpose of raising money with which to carry on the business in hand, and for that purpose they were issued. The power of

the court so to do is not questioned; and if, it did not limit payment to a particular fund, any such limit apparent on the face of those certificates was of no force or consequence, and this, because they were the mere forms by which the order of the court was executed.    We, therefore, concur in the decree of the court.    On the question of the right of appeal, we do not pass, since the appellees refused to take advantage of a point of this kind.

The decree of the Court below is affirmed, and the appeal dis-missed, at the costs of the appellants.