## SIBLEY COUNTY BANK OF HENDERSON v. CRESCENT MILLING COMPANY.[1]

January 2, 1925.

No. 24,298.

**Business may be operated temporarily by receiver.**

1. The court may authorize a receiver to operate a private business temporarily.

**Receiver's certificates.**

2. (a) Receiver's certificates have no principal who is liable in case of default. (b) The court has power to authorize the issuance of such receiver's certificates to carry out the limited purposes for which private property is held. (c) Such power must be used cautiously. (d) In the absence of secured creditors the court may order the issuance of such certificates without notice to the creditors, but upon the facts stated in the opinion the use of such power is disapproved.

**Lien of such certificates as regards secured creditors.**

3. (a) If receiver's certificates are issued as paramount liens, without notice to secured creditors, the purchaser is put upon notice of the authority of the receiver to so issue them and that by final action of the court the validity or security of the certificates may be prejudicially affected.

(b) But, in the absence of secured creditors, the validity of receiver's certificates is not, so far as the holders are concerned, affected by the question of notice to general creditors of the application for authority to issue the certificates.

**Their validity not affected by receiver's account.**

4. The validity of such certificates does not depend upon the account of the receiver.

[1]Reported in 201 N. W. 618.

**Amount of sale bond.**
    5. When a receiver is selling all the assets in the estate for $26,500, to be paid for by the surrender of receiver's certificates in that amount, a bond in the sum of $10,000 is sufficient.

Action in the district court for Hennepin county to recover $2,000 and for appointment of a receiver for defendant company. A receiver was appointed authorized to conduct the business of defendant corporation, incur indebtedness for that purpose and issue receiver's certificates for money borrowed. After his death his successor petitioned for authority to sell the property to the Metropolitan National Bank for the receiver's certificates which it held and the creditors were ordered to show cause why the petition should not be granted. Certain creditors filed objections. From an order confirming the sale, Dickinson, J., the Pacific Elevator Company, as a creditor, appealed. Reversed.

*H. V. Mercer, Johnson & Co.*, for appellant.

*Allen & Fletcher*, for receiver.

WILSON, C. J.

This is an appeal by a creditor of a corporation under a receivership from an order confirming a sale of assets. The record presents 5 matters for our consideration, namely; (1) The power of the court to authorize a receiver to continue the operation of a private business; (2) the power of the court to authorize the issuance of receiver's certificates without notice to creditors; (3) if such certificates are valid, are they claims only against the receiver on his bond? (4) if valid are they to be recognized in advance of the accounting of the receiver? and (5) the sufficiency of the bond of the receiver.

1. A receiver is the representative of the court. The property in his possession is in custodia legis. Since it is not practicable for the court to do the physical work in connection with taking possession and preserving the property, the court appoints the receiver to act. In the order of appointment in the instant case, the court directed the receiver to continue the business so long as the receiver

deemed the business necessary and proper in liquidating and administering the estate.

From the record it plainly appears that the only idea in the receiver operating the business was to better keep the plant active and incidentally aid in the sale thereof. It was obviously the intention of the court to operate the business but temporarily. When a receiver of a private corporation is appointed the court may authorize him to continue the business temporarily. 1 Clark, Receivers, § 552. This is within the discretion of the court. Section 556. The power of the receiver to incur obligations incident to such operation necessarily follows.

If the receiver, when running a business, finds that it is losing money, he should promptly report that fact to the court and ask for instructions. It is only seldom that a court will use its discretionary power to authorize the temporary operation of a business which is so disorganized as to be in the hands of a receiver. Usually the operation of a business under a receivership loses money. The power to authorize temporary operation is justified when its purpose is to reorganize, keep it a going concern, fulfil existing contracts or such other condition as to make it, in the judgment of the court, to the best interest of the estate. 34 Cyc. 283; 1 Clark, Rec. § 552; 23 R. C. L. 73, § 78. In this case there were existing contracts unperformed that appeared to be profitable, if performed. When it is running at a loss it should be discontinued. First Nat. Bank v. White Ash Coal Co. 188 Iowa, 1227, 176 N. W. 287, 12 A. L. R. 286, and note p. 292. In Green v. National Adv. & A. Co. 137 Minn. 65, 162 N. W. 1056, L. R. A. 1917E, 784, this court practically announced that, pending a determination of the question of final dissolution and before sale, the receiver might be authorized to operate the business.

2. The certificates are not debts of the corporation but of the receiver supported by the pledged faith of the court that the property in its custody will be used for their payment. The purchaser necessarily depends upon the integrity of the court. The certificates have no higher character than the debt they represent. They are usually by their terms, as here, made a paramount lien on the prop-

erty. The holder is entitled to have the court not release the property until the certificates are redeemed. This, the court has as a matter of law, pledged its faith to do. The payment of such certificates in full is conditioned upon the sufficiency of the property in the hands of the receiver to answer all claims of equal priority. If insufficient to pay all such claims proportional payment only can be collected. They carry no absolute promise to pay beyond the extent of the amount of the assets. They have no principal who is liable in case of default. Persons dealing in such certificates must know that payment can only be had by application to the court having the control of the trust property for an order upon the receiver. The court has power to authorize the issuance of such certificates to carry out the limited purposes for which the court holds the property. We recognize that a court in the exercise of such great power as to create an indebtedness which shall have priority over the claims of persons interested in the property taken into custody by the court must act with the greatest caution. In receiverships of purely private corporations the rule is that such certificates may be issued, but only for the purpose of maintaining and preserving the property. 7 Mich. L. Rev. 239. But not to the detriment of existing liens (without notice) 11 Nat. Corp. Rep. 101. A vitriolic article against such certificates in general may be found in 4 Nat. Corp. Rep. 296.

There were no secured creditors. The court in this case made an order authorizing the issuance of the certificates without notice to the creditors. Conceding and holding as we do that the court had this power, we disapprove of it using such power in such a case as this. Such drastic power possessed by the court ought not to be used without giving those whose interests are to be affected the opportunity to be heard in opposition to it. It is not fatal to the validity of the authority that such notice is not given, but good practice commands it. In a receivership matter the court is constantly using its discretionary power. It does that which it deems best for all interested. What notice it shall give and to whom must also rest in its discretion when there are no secured creditors. It is easy to suppose circumstances which would demand the issue

of certificates without notice and the court should have the power to issue such, when, in its discretion, it is necessary. Fires, floods, emergencies or where perishable goods are involved, are examples that would of course invoke this power. In the case at bar there were unperformed contracts which indicated a profit and the circumstances may have called for immediate action. Indeed the issuance of the certificates in such a case as this is for the interest of the general unsecured creditors. They all get their pro rata benefit. It is of course apparent that the receiver's certificate of a failing corporation, without priority of a character to make it attractive, would be unmarketable. A very different element enters into the transaction when the court undertakes to subordinate a secured creditor to such certificates. The purpose of the issuance of such certificate must be germane to the objects of the receivership and necessary to the proper administration of the estate. Such certificates may be issued for ordinary expenses of the receivership since such expenses would have a natural priority over other debts. 2 Tardy's Smith, Receivers, § 559. The purpose in this case would come within this classification. We cannot say that the court abused its discretion in attempting to serve the estate. It has such power. National Bank Assn. v. American S. B. Co. 3 Pa. Co. Ct. 133; affirmed Appeal of Neafie, 9 Sadler, 284, 12 Atl. 271.

The power of the court does not, in cases of private corporations, authorize it to direct the making of such certificates a paramount lien prior to secured creditors, i. e., prior encumbrancers such as mortgagees. Hanna v. State Trust Co. 70 F. 2, 16 C. C. A. 586, 30 L. ed. 201; Smith v. Shenandoah Valley Nat. Bank, 246 F. 379, 158 C. C. A. 443; Lockport Felt Co. v. United Box Board & Paper Co. 74 N. J. Eq. 686, 70 Atl. 980; Standley v. Hendrie Mnfg. Co. 27 Colo. 331, 61 Pac. 600; Baltimore B. & L. Assn. v. Alderson, 90 F. 142, 32 C. C. A. 542; Farmers L. & T. Co. v. Grape Creek Coal Co. 50 F. 481; Osborne v. Big Stone G. C. Co. 96 Va. 58, 30 S. E. 446; 22 Harvard L. Rev. 373. High, Receivers, § 312b. Many of the cases which at first glance may appear to be contrary to our holding herein, will be found to relate to conflicting claims between those who are lien holders before the issuance of the certificates

and the holder of the certificates. In such case a very different question is presented.

3. It is suggested that the certificates, if valid, constitute claims against the receiver on his bond. This cannot be. To so hold would be in disregard of the attributes of such certificates. They are claims against the assets in the receiver's hands. They are the fiat of the court to the extent of the property in the estate. True, where they are issued as paramount liens without notice to the secured creditors, the purchaser is put upon notice of the authority of the receiver to issue them and that by final action of the court the validity or security of the certificate may be prejudicially affected. In such case he takes this element of risk. Union Trust Co. v. Railroad Co. 117 U. S. 434, 456, 6 Sup. Ct. 809, 29 L. ed. 963, 34 Cyc. 303. But where the certificates are issued, as in the present case, where there are no secured creditors, the validity of receiver's certificates is not, so far as certificate holders are concerned, affected by the question of notice to general creditors of the application for authority to issue the certificates. National B. Assn. v. American S. B. Co. supra. In fact, where such certificates are issued, and the court expressly provides in its order as it did in this case that they are a preferential lien, good faith requires that this promise should be redeemed. Kneeland v. Luce, 141 U. S. 491, 12 Sup. Ct. 32, 35 L. ed. 830. Such certificates, when issued by a court with jurisdiction of the subject matter, command recognition commensurate with the integrity of the court. In Dow v. Railroad Co. (C. C.) 20 F. 260, 269, it was said: "Courts should pay their debts, if nobody else does." And in Mercantile Trust Co. v. Railroad Co. 58 F. 6, 15, 7 C. C. A. 3, 12, referring to receiver's certificates Circuit Judge Taft said: "It (court) pledges its own faith to the lender that it will enforce such a lien against the property and the parties as a condition of its releasing the property, and of its enforcing any equities in favor of any of those who invoke its assistance."

The record does not disclose any reason why the holders of these certificates should be referred to the receiver or his surety for recognition. They are a legal and preferred claim against the assets of the estate. Even if, perchance, the receiver was guilty of such

conduct as to make his surety liable on his bond, it is practically inconceivable how such conduct could permeate the certificates so as to destroy their validity as a lien upon the assets in the estate.

4. Upon the same reasons it may be said that the validity of these certificates does not depend upon the account of the first receiver who is now dead. Whether his account when rendered will show a profit or loss cannot determine the validity of these certificates which were issued as the court directed. The fact that this offer of purchase calls for payment by the certificates is of no moment. If the sale was for cash the money would be used to redeem the certificates.

5. A $10,000 bond was small for the second receiver. The first one gave a much larger bond. We cannot say that this was insufficient before the sale is made. If the sale is made as now confirmed the payment will be made by the surrender of the obligations of the estate as evidenced by the certificates in the sum of $26,500. Their surrender will mean their cancelation. For the purposes of this sale the bond is ample. The question of the sufficiency of this bond, aside from the purposes of this sale, is not before us.

Affirmed.