## UNITED STATES v. POWELL et al.

### No. 4276.

Circuit Court of Appeals, Fourth Circuit.

April 5, 1938.

SOPER, Circuit Judge, dissenting.

Berryman Green, Sp. Asst. to the Atty. Gen. (James W. Morris, Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty. Gen., Sterling Hutcheson, U. S. Atty., of Richmond, Va., and H. H. Holt, Jr., Asst.

U. S. Atty., of Hampton, Va., on the brief), for the United States.

W. R. C. Cocke, of Norfolk, Va. (A. S. Holtz, of Norfolk, Va., on the brief), for appellees.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

This is an action at law instituted in the District Court of the United States for the Eastern District of Virginia, in January, 1934, by the appellees, Legh R. Powell, Jr., and Henry W. Anderson, receivers of Seaboard Air Line Railway Company, here referred to as the plaintiffs, against the appellant, United States of America, here referred to as the defendant, to recover the sum of $9,347.55, paid the defendant by the receivers for stamp taxes claimed to be due the United States on receivers' certificates issued by court order. A hearing was had before the court in November, 1936. In March, 1937, the judge below filed his findings of fact and conclusions of law, finding for the plaintiffs, and an order was entered giving judgment against the defendant. From this action this appeal was brought.

There is no dispute as to the facts. In December, 1930, the plaintiff Powell and one Ethelbert W. Smith were appointed receivers of Seaboard Air Line Railway Company in the District Court of the United States for the Eastern District of Virginia. In December, 1932, plaintiff Anderson was designated as receiver to succeed the said Smith.

The receivers pursuant to decrees of the District Court dated April 22, 1931, and February 15, 1932, issued a total of $17,427,100 of receivers' certificates. The issuance of these certificates was approved by the Interstate Commerce Commission.

The receivers purchased and affixed to the decrees, authorizing the issuance of the said certificates, United States documentary internal revenue stamps in the amount of $9,347.55, which was the correct amount if the certificates were subject to the tax. The receivers affixed such stamps because they were aware that the Treasury Department of the United States in Regulations promulgated by it took the position that receivers' certificates are subject to stamp taxes.

· The receivers on August 12, 1933, filed their claim for refund with the Collector of Internal Revenue at Richmond, Va., and the ·Commissioner of Internal Revenue of the United States rejected the claim for refund on October 30, 1933.

The sole question involved is whether the "Seaboard Air Line Railway Company Receivers' Certificates of Indebtedness" issued by the receivers of that company were subject to a stamp tax imposed by the government of the United States.

The statute involved is the Revenue Act of 1926, c. 27, 44 Stat. 9, as amended by section 721(a) of the Revenue Act of 1932, c. 209, 47 Stat. 169.

The Revenue Act of 1926, Schedule A(1), title 8, § 800 et seq., as amended by the Revenue Act of 1932, § 721(a), 26 U.S.C.A. § 901, provides for a stamp tax "on all bonds, debentures, or certificates of indebtedness issued by any corporation, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities."

In the Revenue Acts of 1918, 1921, and 1924, 40 Stat. 1135, 42 Stat. 303, and 43 Stat. 333, the corresponding provision as to the stamp tax reads as follows: "On all bonds, debentures, or certificates of indebtedness issued by any person, and all instruments, however termed, issued by any corporation with interest coupons or in registered form, known generally as corporate securities."

In the conference report in Congress on the Revenue Act of 1926 will be found, under the heading Amendment No. 123, the following: "The House Bill imposed a stamp tax upon bonds issued both by persons and corporations. The Senate amendment limits the stamp tax upon issuance of bonds to those issued by corporations; and the House recedes."

The action of Congress in so amending the former Revenue Acts by eliminating the words "any person" indicates clearly the intention to make the tax apply only when the securities were issued by a corporation. Here the receivers' certificates ·were not issued by the railway corporation. No action was taken by the corporation authorizing their issuance, and they were in no sense the obligation of the corporation whose properties were in receivership. Bank of Commerce v. Central Coal & Coke Company, 8 Cir., 115 F. 878; Sibley County Bank of Henderson v. Crescent Milling

Company, 161 Minn. 360, 201 N.W. 618. On the contrary, the certificates were issued by officers of the court, on an order of the court, and in furtherance of the objects of the receivership proceeding.

■ It will also be noted that the words "issued by any corporation" are repeated in the act providing for the tax.

. It seems clear to us, for the reasons well stated by the court below, that, not being issued by a corporation, the certificates in question do not come within the purview of the act, and that no tax stamps were required for them.

It is contended on behalf of the government that Article 20 of Regulations 71 (1926 and 1932 Editions), promulgated under the Revenue Act of 1926, which is identical with Article 15 of Regulations 55, promulgated under the Revenue Act of 1918, was in effect when the Revenue Act of 1932 was passed by Congress, and the implication is that Congress evidenced legislative approval of the Regulations. This article reads as follows: "Certificates of indebtedness issued by receivers. A certificate of indebtedness issued under order of a Federal court by a receiver for a corporation is subject to tax."

■■ While it is true that great weight is accorded administrative application and construction of statutory provisions, National Lead Company v. United States, 252 U.S. 140, 40 S.Ct. 237, 64 L.Ed. 496, it is equally true that where the provisions of an act are plain and unambiguous the governmental department administering the statute has no power to extend or amend it by regulations. The power of an administrative officer to prescribe regulations does not carry with it the power to make law. Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105· A.L.R. 756; Manhattan General Equipment Company v. Commissioner of Internal Revenue, 297 U.S. 129, 56 S.Ct. 397, 80 L.Ed. 528; Miller v. United States, 294 U.S. 435, 55 S.Ct. 440, 79 L.Ed. 977; Norwegian Nitrogen Products Company v. United States, 288 U.S. 294, 53 S.Ct. 350, 77 L.Ed. 796; United States v. Missouri Pacific R. Co., 278 U.S. 269, 49 S.Ct. 133, 73 L.Ed. 322.

The Treasury Department of the United States seems to have accepted the interpretation that certificates of the character of those here· in question were not subject to the stamp tax provisions when Article V of Regulations 71 was promulgated in 1934 under the statute controlling here.

This Regulation reads as follows: "Art. V.—Taxable only when issued by Corporation. The stamp tax provisions apply to bonds, debentures and certificates of indebtedness only when issued by corporations, and no stamp tax applies to such instruments issued by individuals."

■ The object of the stamp tax provisions of the Revenue Laws is evidently to place a tax on the carrying on of a corporate function. A receivership is usually instituted and carried on for the purpose of winding up or at least reorganizing a corporation, and is a function of the court to those ends. The possession and control of a receiver constitutes an ouster of corporate management and control, United States v. Whitridge, 231 U.S. 144, 34 S.Ct. 24, 58 L.Ed. 159, and the issuance of receivers' certificates is in no sense a function of the corporation whose property is in the hands of a receiver, and no act of the corporation is necessary for their issuance.

The case of Lederer v. Fidelity Trust Company, 267 U.S. 17, 45 S.Ct. 206, ·69 L.Ed. 494, is mainly relied upon on behalf of the defendant as sustaining the contention that the certificates were subject to the tax. In that case the Revenue Act of 1918, quoted above, was involved, and certificates issued by "any person" were subject to the tax under that act. The certificates in question there were not receivers' certificates issued by order of a court, and the facts in that case are plainly distinguishable from the facts here.

■ Congress must be presumed to have used words in their known and ordinary significance. Old Colony R. Co. v. Commissioner of Internal Revenue, 284 U.S. 552, 52 S.Ct. 211, 76 L.Ed. 484; A. Magnano Company v. Hamilton, 292 U.S. 40, 54 S.Ct. 599, 78 L.Ed. 1109. Congress in the Revenue Act here has plainly said that to be subject to the tax the certificates must be issued by a corporation. While there may be a serious question as to whether the receivers' certificates were of a class "known generally as corporate securities" as was assumed by the judge below, for the purposes of his decision, in view of our conclusion as expressed above, it is not necessary to decide that question.

The judgment of the court below is affirmed.

Affirmed.

SOPER, Circuit Judge, (dissenting).

It may be, literally speaking, that receivers' certificates, issued by receivers of a railroad company, are not issued by the corporation itself; but, in the language of the statute, they are "known generally as corporate securities"; they are issued for the benefit of the corporation by the authority of the court having lawful control of its affairs; and they become a charge upon the corporate property. We may, therefore, fairly conclude that. they are included within the legislative intent as expressed in the statute.