**STEWART et al. v. MOORE, Formerly Collector of Internal Revenue.**
No. 19115.

District Court, N. D. Ohio, E. D.
July 29, 1940.

332

Paul L. Holden (of Squire, Sanders & Dempsey), of Cleveland, Ohio, for plaintiffs.

Francis B. Kavanagh, Asst. U. S. Dist. Atty., of Cleveland, Ohio, Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe, and George H. Zeutzius, Sp. Assts. to the Atty. Gen., for defendant.

JONES, District Judge.

The facts in this case are not in dispute and the controversy is submitted for decision upon the pleadings, copy of claim for refund and specimen copy of certificates of indebtedness. Statements of the facts may be found in the briefs of both parties and it is not necessary here to recount them.

A brief statement of the view taken by the Court to support its judgment is as follows: the trustees' certificates of indebtedness issued under authority of the bankruptcy court are not commonly known as corporate securities nor were they "issued by the (debtor) corporation", within the language of the taxing statute. While it is true that such certificates become a charge upon the assets of the debtor corporation, yet that fact, however, cannot create a liability to pay the stamp tax, where the statute does not expressly impose the payment upon certificates so issued.

We further can admit that the certificates were issued for the benefit and preservation of the debtor's property, and that the debtor's property (not the trustee's or the court's) becomes liable for their payment. But I think that neither the administrative agency nor the Court can add anything to a revenue measure which the Congress has not seen fit to include therein by express words. The Congress has enacted bankruptcy laws of the most comprehensive character for the reorganization of corporations, and in the case of railroad corporations has provided that trustees of the debtor's property shall be appointed. Section 77, Bankr.Act, 11 U.S.C.A. § 205.

By mandate of the Bankruptcy Law, the trustees take over complete and exclusive control of the debtor's property. The railroad corporation, as such, can do nothing; the trustees are supreme; power to issue trustee's certificates of indebtedness requires no corporate action to support it. The trustee's certificates, by law and court order, become securities issued as an incident to bankruptcy administration pending reorganization.

I think the case is stronger than United States v. Powell, 4 Cir., 95 F.2d 752, where a court receiver was in control of the corporation, as distinguished from statutory officials, in the case of this debtor. One cannot believe that the Congress in such circumstances inadvertently omitted express imposition of the tax on bankruptcy trustee's certificates of indebtedness. There is much force in the defendant's contention and in the brief dissent of Judge Soper in the Powell case, but it is safer to have the Congress expressly include bankruptcy trustee's certificates as subject to the tax than for the Court to interpret and amend the law to do so.

Findings and conclusions may be prepared and presented supporting the view herein expressed, and judgment may be entered for the plaintiffs.