In re WEST COUNTIES CONSTRUC-
TION CO.

WALKER v. WEST COUNTIES CON-
STRUCTION CO.

No. 9921.

United States Court of Appeals
Seventh Circuit.

Feb. 1, 1950.

Frank A. McCarthy, John E. Toomey, John J. Moran, Chicago, Ill., for appellant.

Isaac E. Ferguson, Ben Rothbaum, Chicago, Ill., Benjamin F. Morrison, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

DUFFY, Circuit Judge.

Debtor's business was and is the operation of a stone quarry near Elgin, Illinois, producing road stone and agricultural limestone. On April 26, 1948, the Circuit Court of Kane County, Illinois, appointed Herbert Cameron as temporary and later as permanent receiver in a proceeding involving debtor pending in that court. Upon notice given to all creditors of the debtor that court on August 20, 1948, authorized the receiver "to make a loan of not to exceed $20,000.00 upon the stockpiles" of stone accumulated at debtor's plant. The court authorized the receiver to pay a commission of $1,000 to obtain the loan, and to pay 6% interest thereon. It also directed the receiver to settle and adjust the claim of the Pennsylvania Crusher Company for the sum of $4,232.50, as such company was threatening foreclosure on a crushing machine then being used by the debtor. Among other things the order also directed the receiver to pay current bills accumulated since his appointment in the operation of the plant, and to repay money borrowed and advanced by him.

Petitioner Fred R. Walker loaned $20,000 to the receiver who executed a promissory note and a chattel mortgage pledging a stockpile of 30,000 tons of agricultural limestone and 7,000 tons of road stone located at the plant of debtor. Although the chattel mortgage given by Cameron as receiver contained a purported acknowledgment, said to have been made by Cameron on September 1, 1948, before a notary public in Cook County, it is without dispute that in fact it was not so acknowledged.

The receiver continued in possession of the stockpiles and made sales therefrom. At various times the quarry was operated and the stockpiles were replenished. During the period of the State court receivership, payments were made to Walker from time to time and at the date of the proceed-

ings for reorganization under Chapter X, Bankruptcy Act, 11 U.S.C.A. § 501 et seq., the sum of $13,050 was due to Walker. The district court thereafter authorized trustee Parkin to take over all of the property and assets of debtor from the receiver. The sum of $1,600 in two bank accounts was surrendered to the trustee.

On April 12, 1949, Walker filed a petition in the district court, praying for an order that the trustee pay petitioner all monies received by him since his appointment through the sale of any portion of the stockpiles described in the chattel mortgage and to surrender the stockpiles to the petitioner until such time as the receiver's note with accrued interest was satisfied in full, or, in the alternative, that petitioner be given permission to foreclose the chattel mortgage. The district court filed findings of fact and, in addition to statements hereinbefore set forth, found as to the cash then in the hands of the trustee, and as to petitioner's claim that said cash resulted from sales from the stockpiles described in the chattel mortgage, "It cannot be stated with any reasonable degree of certainty that some aliquot portion of said cash was thus derived." The court also recognized that the obligation incurred by the receiver Cameron in borrowing money from Walker was entitled to "such equitable protection by this court as the circumstances of this case may permit." The court found however that by granting the prayer of the petition the trustee would be stripped of all cash then in his hands and would in effect make a reorganization of the debtor impossible.

As conclusions of law the court found the chattel mortgage invalid because the personal property was left in the hands of the mortgagor and the chattel mortgage was not acknowledged. Sec. 2, Ch. 95, Ill. Rev.Stats. The court also concluded that the stockpile described in the chattel mortgage, having been left in possession of the receiver to be sold in the ordinary course of business, made the chattel mortgage void as to creditors and not a lien at the time the trustee took possession of debtor's property. Walker appeals from the order of the court denying the prayer of his petition.

Although not appearing in the printed record herein, we learn from the record filed in this court on another appeal and from statements made to the court on oral argument by counsel for both sides that a plan of reorganization has been confirmed and that the claim of petitioner has been recognized therein as in the preferred class of expenses of administration.

Petitioner here claims that the note and chattel mortgage executed by the receiver in effect constituted a receiver's certificate of indebtedness which petitioner claims is invulnerable to attack in a court of bankruptcy. Petitioner says that the court erred in denying his demand for possession of the stockpiles of stone, even though the chattel mortgage might be void as such under the Illinois statutes.

It is not necessary for us to decide whether the note and chattel mortgage were in legal effect a receiver's certificate of indebtedness. Conceding arguendo that although the chattel mortgage was void as such it had the legal effect of a receiver's certificate of indebtedness, we do not think that the district court was compelled to grant the specific relief demanded by petitioner. Section 258 of the Bankrupcty Act, 11 U.S.C.A. § 658, provides: "The judge shall make such provision as may be equitable for the protection of the obligations incurred by a receiver or trustee in such prior proceeding and for the payment of the reasonable costs and expenses incurred therein as may be allowed by the judge."

As it is apparent the district court recognizes the validity of the remaining obligation created by the loan made by Walker to the receiver, we are of the opinion that the court acted properly in refusing to turn over the stockpiles to the petitioner as well as all cash which had been received from the sale not only of the stone in the piles when the bankruptcy proceedings were commenced, but also other stone that had been subsequently quarried and placed in such piles. In Continental Illinois National Bank & Trust Co. v. Chicago, Rock Island & Pacific Railway Co., 7 Cir., 72 F.2d 443,

affirmed 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110, in a proceeding under Sec. 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, it was held that a district court might enjoin several banks which held collateral notes of the railway from selling the collateral under the power of sale contained in said notes. In that case it appeared that the sale would hinder, obstruct and delay the preparation and consummation of a plan of reorganization. In the case at bar we hold that the district court did not violate its discretionary authority in denying the demanded relief, as granting it would have resulted in at least obstruction and delay, and probably the defeat of the plan of reorganization which has now been confirmed.

The order of the district court is affirmed.