In re WEST COUNTIES CONST. CO.

WALKER et al. v. WEST COUNTIES CONST. CO. et al.

No. 10067.

United States Court of Appeals Seventh Circuit.

June 5, 1950.

John E. Toomey, John J. Moran, Chicago, Ill., for appellants.

Isaac E. Ferguson, Chicago, Ill., Benjamin F. Morrison, Chicago, Ill., for appellees.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

DUFFY, Circuit Judge.

The Circuit Court of Kane. County, Illinois, appointed Herbert Cameron as temporary receiver of the debtor by order dated April 26, 1948, and as permanent receiver by order dated June 11, 1948. The receiver operated the business of producing roadstone and agricultural limestone from debtor's quarry located near Elgin, Illinois. On August 18, 1948, the receiver petitioned the Circuit Court for authority to borrow $20,000 on the stockpile of material then accumulated. On August 20, 1948, the Circuit Court granted permission to the receiver to borrow the money and to pay a commission of $1,000 for obtaining the loan.[1] Frank A. McCarthy, who was acting as attorney for the receiver, induced his son-in-law, Fred R. Walker, to make the loan. As security the receiver executed a note and chattel mortgage, pledging a stockpile of 30,000 tons of agricultural limestone and 7,000 tons of roadstone. From the $20,000 received, the receiver immediately paid $1,000 to Walker as a "commission." The record does not disclose any approval by the Circuit Court of the $1,000 payment to Walker, except as might be implied in the general authorization for the loan.

On March 28, 1949, debtor filed a voluntary petition for reorganization under Chapter X, Bankruptcy Act, 11 U.S.C.A. § 501 et seq. By that date payments made from time to time to Walker by the receiver had reduced the face amount of the loan

to $13,050. On April 12, 1949, a petition was filed in the district court by Walker, praying for enforcement of a chattel mortgage lien on debtor's stockpile of crushed stone. The district court denied the petition and this court affirmed. 7 Cir., 179 F.2d 467.

Walker's claim was presented to the court in the reorganization proceedings by the petition of Cameron, the State court receiver, under Sec. 258, Bankruptcy Act, 11 U.S.C.A. § 658, asking for equitable protection of the obligations incurred by him as receiver in the State court proceedings. The petition listed several undisposed of State court receivership obligations including a bill for accounting services and one for insurance premiums. The plan of reorganization provided: "To pay the expenses and fees of administration and reorganization in such amounts and in such installments as the court may order. This includes allowances on the pending petition of Herbert Cameron, former receiver of the debtor corporation * * *." After a hearing on the Cameron petition the court entered findings of fact and conclusions of law, including the following: "(6) The $20,000 Walker loan was made September 1, 1948. The receiver gave Walker a note for $20,000 payable on or before seven months after date with interest at the rate of 6% per annum. Contemporaneously with the making of the note, the receiver paid Walker a 'commission' of $1,000. This amounted to a charge of 9% on the net amount of $19,000 for the seven months, in addition to the interest rate of 6% per annum, or a total interest charge of 15% per annum on the money loaned." And,

"Conclusions of Law.

"(1) Under the law of Illinois the maximum rate of interest that the petitioner

[1] The order of the court provided: "* * the receiver be and he is hereby empowered to; make a loan of not to exceed $20,000 upon the stockpiles accumulated at the plant of the West Counties Construction Co. near St. Charles, Illinois, and that he is authorized to make such loan from any bank, individual, loan company or concern with whom suitable arrangements can be made, the cost therefor not to exceed six per cent interest and five per cent commission, including warehouse charges, commissions and other expense in connection therewith, and he is authorized to pledge the material in the stockpiles now accumulated at the pit of the West Counties Construction Co. at St. Charles, Illinois."

could lawfully agree to pay to Walker was 7% per annum.

"(2) The $1,000 immediately repaid by petitioner to Walker, although described as a commission, constituted a payment for the use of the money borrowed in addition to the stipulated interest rate of 5% (sic) per annum, resulting in an interest rate (for seven months on $19,000) of 15% per annum; therefore the loan was usurious.

"(3) The effect of usury, under the Illinois law, is to debar recovery by the lender of any amount in excess of the principal sum loaned, after crediting the borrower with all repayments whether described as payments of interest or principal."

Walker's claim, as reduced by the elimination of interest, was classified by the court as an expense of administration. McCarthy's fees for his services as attorney for the State court receiver were fixed at $550. The court ordered that Walker's claim and also the claims of the receiver and McCarthy, and those for accounting services and for insurance premiums all be paid in five installments, 40% upon the consummation of the reorganization and four installments of 15% each, the last to be made on May 1, 1950. Although a separate order was filed on matters brought before the court by the Cameron petition, Walker and McCarthy appeal only from the decree confirming the plan of reorganization which incorporated the decision made on the Cameron petition. Prior to the date of the oral argument in this court, the dates for making the installment payments had expired. It is admitted that tender of payment had been made of the installments as they became due, but that such tenders had been refused by Walker.

It is Walker's contention that because the plan of reorganization provided for the payment of his claim in installments the plan was neither fair nor feasible. He also insists that the court should have granted him security for the payment of his claim.

It is true that Sec. 77B(b) (3) of the Bankruptcy Act provided that the cost of administration and other allowances should be paid in cash. However, when Chapter X of the Bankruptcy Act was enacted that provision was eliminated, and Sec. 216(3), 11 U.S.C.A. § 616(3), now merely provides that the plan of reorganization "shall provide for the payment of all costs and expenses of administration and other allowances which may be approved or made by the judge." As to security for the claim, it should be recalled that Walker attempted to rely upon the lien of the chattel mortgage executed when the loan was made, but that the district court decided that such lien was invalid, and on appeal this court sustained that view. 7 Cir., 179 F.2d 467.

We think that in the case at bar the question of the fairness and the feasibility of the plan, based upon the installment payments, is moot. The amount of Walker's claim has been tendered to him in the full amount allowed by the court. His claim was not treated in a manner any different than the claims of others who advanced credit or rendered service to the receiver. We therefore shall only consider the alleged error of the trial court in reducing the amount of Walker's claim by disallowing all interest.

Sec. 4, Chap. 74, Illinois Revised Statutes, provides generally that seven per cent is the maximum rate of interest which may be charged upon any contract executed in Illinois. However, corporations are exempt from such limitations. Secs. 4, 5, 6, Chap. 74, and Sec. 157.5(h), Chap. 32, Illinois Revised Statutes.

■ Appellant claims that by lending $20,000 to Cameron the receiver was in fact lending it to an Illinois corporation. Calling the $1,000 payment to Walker a commission did not change the fact that it was an additional charge for making the loan. The payment of $1,000 in addition to the charge of 6% interest made the contract usurious under Illinois law, Hirsh v. Arnold, 318 Ill. 28, 42, 148 N.E. 882; Central Life Insurance Co. of Illinois v. Sawiak, 262 Ill.App. 569, 575; American Radiator Co. v. Walker, 276 Ill.App. 150, 242, unless the loan to Cameron, the receiver, can be considered a loan to an Illinois corporation.

732

The contract which Walker made was not with West Counties Construction Company but with Cameron as the receiver who was the agent of the court. In re Midwest Athletic Club, 7 Cir., 161 F.2d 1005, 1009. The Illinois Supreme Court has said: "* * * The receiver acquires no title, but only the right of possession as the officer of the court. * * *" Heffron v. Gage, 149 Ill. 182, 193, 36 N.E. 569, 572.

In his previous appeal to this court, In the Matter West Counties Construction Co., Debtor, v. West Counties Construction Co., 7 Cir., 179 F.2d 467, Walker strongly insisted that the note and mortgage received from Cameron as evidence of the indebtedness should be considered as a receiver's certificate. Although this court did not find it necessary to pass on that point, if we consider Walker's contention arguendo it is well established law that a court cannot properly authorize issuance of a receiver's certificate at an usurious rate of interest. 45 Am.Jur., Receivers, Sec. 384. See also: 53 C.J., Receivers, Sec. 242.

It has been held that receiver's certificates issued pursuant to court order in furtherance of the objects of a receivership were not obligations of the corporation. United States v. Powell, 4 Cir., 95 F.2d 752. The court there said, 95 F.2d at page 753: "* * * Here the receivers' certificates were not issued by the railway corporation no action was taken by the corporation authorizing their issuance, and they were in no sense the obligation of the corporation, whose properties were in receivership. Bank of Commerce v. Central Coal & Coke Co., 8 Cir., 115 F. 878; Sibley County Bank of Henderson v. Crescent Milling Company, 161 Minn. 360, 201 N.W. 618. On the contrary, the certificates were issued by officers of the court, on an order of the court, and in furtherance of the objects of the receivership proceeding."

Appellant relies on Union Trust Co. v. Illinois Midland Railway Co., 117 U.S. 434, 6 S.Ct. 809, 29 L.Ed. 963, a case involving certificates issued by a receiver of a railroad to raise money for necessary repairs and other purposes. On the date when the court order authorizing a certain receiver's certificate was entered, 10% interest was a permissible rate. From the opinion it seems likely that the same was true on the date when the money was actually advanced. However, when the certificate was issued the legal rate of interest had been reduced to 8%. We think that under the facts being considered by the court, this case can be clearly distinguished from the case at bar.

We consider that, upon Cameron's petition for equitable protection of the obligations incurred by him as receiver, the trial court did not err in allowing the Walker claim in the sum of $11,850.12, which was the amount of the remaining indebtedness to him minus all interest. The decree confirming the plan of reorganization is

Affirmed.