VICTOR M. WATKINS *vs.* MINNESOTA THRESHER MANUFACTURING COM-
PANY, impleaded, etc.

July 2, 1889.

**Insolvent Corporation—Sale of Real Estate by Receiver—Redemp-
tion by Judgment Creditor.**—An execution against a corporation
having been returned unsatisfied, and the court having, pursuant to the
statute, (Gen. St. 1878, c. 76, §§ 9, 10,) appointed a receiver of all the
property of the insolvent corporation in order to convert the same into
money for the payment of its debts, a creditor of the corporation, who
recovers judgment against it *after* the property is thus taken *in custodia
legis*, has no right to redeem real estate sold by the receiver under direc-
tion of the court. The receiver's sale is absolute.

Appeal by plaintiff from an order of the district court for Wash-
ington county, *McCluer, J.*, presiding, sustaining a demurrer to the
complaint.

*Horace G. Stone,* for appellant.

*E. D. Buffington* and *Flandrau, Squires & Cutcheon,* for respond-
ent.

DICKINSON, J.[1]  This is an appeal from an order sustaining a de-
murrer to the complaint in an action to redeem certain real estate
from a sale made by a receiver of a corporation, the Northwestern
Manufacturing & Car Company. The plaintiff held, by assignment,
a judgment against that corporation junior to that under which the
receiver was appointed, the latter judgment having been recovered
by E. L. Hospes & Co. The receiver was appointed pursuant to the
provisions of Gen. St. 1878, c. 76, § 9, upon the complaint of Hospes
& Co., after the return of an execution unsatisfied. After the ap-
pointment and qualification of the receiver, upon the petition of the
Minnesota Thresher Manufacturing Company, which corporation held
a majority of the stock of, and the greater part of the debts against
the Northwestern Manufacturing & Car Company, the court decreed

[1] Gilfillan, C. J., being of kin to one interested in the result of the action, took
no part in this decision.

that a sale be made, in one entire mass, of all the assets of the latter corporation, without redemption. The sale was so made by the receiver in October, 1888, for the sum of $1,105,000.75, the Thresher Manufacturing Company being the purchaser, and conveyances were made by the receiver to the purchaser. This sale included the real estate now sought to be redeemed, with other property. The complaint is indefinite as to the time when the receiver was appointed and qualified, but it was virtually conceded upon the argument that this was *before* the recovery of the judgment by virtue of which this plaintiff now asserts a right of redemption from the receiver's sale.

It is apparent that the scope and purpose of the proceedings authorized by sections 9 and 10, c. 76, above referred to, pursuant to which this receiver was appointed, are not limited to securing the satisfaction of the judgment of the complaining creditor, but that all the property of the corporation may be thus taken into the custody of the law, converted into money, and distributed to pay all the debts of the corporation. It was so considered in *Farmers' Loan & Trust Co.* v. *Minn. Engine & Machine Works,* 35 Minn. 543, (29 N. W. Rep. 349.) The amendment of section 10 in 1887, (chapter 25,) even more clearly than did the statute as it previously stood, discloses this as being within the contemplation of the law; and such was the scope and purpose of the proceedings here in question. Through the appointment of the receiver, and by the sale directed to be made, the appropriation of the entire assets of the insolvent corporation to the payment of its debts was contemplated. To such sales by receivers of property held *in custodia legis* for such purposes, the right of redemption is not incident. Such a right could exist only by force of statute. Section 323 of chapter 66, Gen. St. 1878, declaring that "real estate sold upon execution, judgment, or decree may be redeemed" by the debtor, his heirs or assigns, or by creditors having liens, within the time and in the order prescribed, was not intended, as we consider, to be applied to receivers' sales under such circumstances. The property having been already taken from the debtor into the custody of the law, to be converted into money for the payment of all the debts to the payment of which it could be lawfully appropriated, the right of creditors to subsequently interfere with or

acquire liens upon the property, the enforcement of which would affect the rights of those acquiring title under the receiver's sale made by authority of the court, no longer existed.  *Chautauque County Bank* v. *White,* 6 N. Y. 236, (57 Am. Dec. 442;) *Jackson* v. *Lahee,* 114 Ill. 287, (2 N. E. Rep. 172;) and see *Matter of Attorney General* v. *Atlantic Mut. Life Ins. Co.,* 100 N. Y. 279, (3 N. E. Rep. 193.)

We deem it unnecessary to decide whether, by the appointment and qualification of the receiver, without a conveyance or assignment to him by the debtor, the legal title to real estate became vested in the receiver, or whether that remained in the debtor until a sale by the receiver.    However that may be, the entire beneficial interest, with the power of disposition, passed to the receiver for the purposes of the trust, and to the end that he might convert the property into money for the general purposes contemplated.    It is inconsistent with the idea of the property being sequestered and held *in custodia legis* for the accomplishment of these ends that it still be subject to the ordinary remedies in favor of particular creditors, who had acquired no vested interest in the property when the court took it into its custody to be appropriated in this special manner, in accordance with the statute, to the satisfaction of all legal demands.    The plaintiff's judgment did not charge this real estate with a lien enforceable against the property, either in the hands of the receiver or of the purchaser at the receiver's sale.    That sale was absolute, and without redemption.    The plaintiff, for the satisfaction of his judgment, can look only to the fund derived from the sale, and not to the property sold for the very purpose of creating such a fund.

Order affirmed.