IN THE

# SUPREME COURT

OF THE

# STATE OF IDAHO.

(December 19, 1911.)

HENRY HEWITT, Jr., Plaintiff, v. E. A. WALTERS, Judge of the Fourth Judicial District, and O. E. CANNON, Receiver of the Great Western Beet Sugar Co., Defendants.

[119 Pac. 705.]

RECEIVERSHIP—RECEIVER'S SALE—JURISDICTION OF COURT—PRIORITY OF RECEIVER'S CERTIFICATES—MINIMUM BID TO BE CONSIDERED—INTEREST ON CERTIFICATES—SALE WITHOUT REDEMPTION.

(Syllabus by the court.)

1. A court of equity has the power and authority to appoint a receiver to take charge of the property of a party to an action or proceeding on proper showing, for the purpose of taking care of and preserving and protecting the property and making payment of the claims of creditors out of the same, and has the authority and jurisdiction to decree that the charges and expenses of the receiver incurred in the discharge of his duty shall become a prior claim and lien against the property paramount to all existing mortgages or other liens or encumbrances thereon.

2. It is not an excess of the jurisdiction of a court of equity in ordering a sale of property in the hands of the receiver to order and direct that no bid shall be received or accepted which is under a fixed and definite sum determined by the court as the minimum bid that shall be received or accepted for such property.

3. The court has no power or authority to order or direct the payment of interest on receiver's certificates in excess of the maximum rate of interest allowed by the statute on contract or at any rate that would be usurious under the statute, but it is not an excess of jurisdiction for the court to allow a rate of interest in excess of the rate fixed by the statute to be allowed on money judgments and decrees of courts and in cases where no rate is contracted.

4. Where H. held a mortgage against the property of the G. W. B. S. Co. and thereafter, at the instance of a creditor of · such

company, a receiver was appointed to take charge of the property and assets of the company, and H. instituted an action for the foreclosure of his mortgage and brought in parties asserting some lien, claim or encumbrance upon the property covered by H.'s mortgage, and such proceedings were thereafter had that a decree was entered, ordering and adjudging that the property should be sold by the receiver without and free from the right of redemption, and that the costs and expense of the sale should first be paid out of the proceeds and thereafter the receiver's certificates and such liens and claims as had been adjudged prior to H.'s mortgage, and thereafter H.'s mortgage should be paid out of any residue left from such sale, and no appeal was taken from such order and decree and the same was allowed to become final, and H. thereafter joined with all the other parties to the foreclosure suit in filing his judgment and decree with the receiver in the receivership case and petitioned to be admitted as a creditor, and the district court thereafter made an order admitting such creditors and adjudging the same priorities in the receivership case as had been adjudged in the foreclosure case, and ordered a sale of all the property in the hands of the receiver and the payment of costs, expense and judgments in the order of their priorities as adjudicated in both the foreclosure case and the receivership proceeding, and directed that such sale be without the right of redemption, *held*, that H. and all other parties to the foreclosure proceeding will be bound by such order and decree, and that a sale made thereunder will be without the right of redemption to any person who became a party to such proceeding.

Original action praying for a writ of prohibition. Alternative writ issued, and on the return day demurrer was filed to the complaint and answer and return was also filed at the same time. Demurrer sustained, writ quashed and action dismissed.

Richards & Haga, for Plaintiff.

Under a statute identical with section 4491, the California court has held that the right of redemption from a judicial sale is a statutory right, and no decree of the court can take it away. (*Phillips v. Hagart*, 113 Cal. 552, 54 Am. St. 369, 45 Pac. 843; *Levy v. Burkle* (Cal.), 14 Pac. 564.)

Under similar statutes to those of Idaho, the Illinois supreme court has also held that the right of redemption cannot be taken away by any decree of the court. (*Fitch v. Wetherbee*, 110 Ill. 475. See, also, *Hollingsworth v. Campbell*, 28 Minn. 18, 8 N. W. 873; *Rhinehart v. Stevenson*, 23 Ill. 524;

*De Wolf v. Haydn,* 24 Ill. 526; *Hall v. Bond,* 74 N. Y. Supp. 5, 68 App. Div. 293; *McBee v. McBee,* 1 Heisk. (Tenn.) 558.)

The right of redemption provided by the statute cannot be taken away by contract. (*Locey Coal Mines v. Chicago W. & V. Coal Co.,* 131 Ill. 9, 22 N. E. 503, 8 L. R. A. 598; *Brown v. Bryan,* 6 Ida. 1, 51 Pac. 995.)

The plaintiff Hewitt held a lien by mortgage against the Great Western Beet Sugar Co., which was foreclosed, and that lien cannot be divested by the receiver, as the receiver's possession is subject to all valid and existing liens upon the property at the time of his appointment, and does not divest a lien previously acquired in good faith. (High, Receivers, 4th ed., sec. 138, and numerous cases cited; *Auten v. City Electric St. Ry. Co.,* 104 Fed. 395; *Reeves v. Pierce,* 64 Kan. 502, 67 Pac. 1108.)

A court has no power to make receiver's certificates a prior lien upon the property where the mortgagee, bondholders or other lienholders do not consent, or had no notice of the proceedings, or were not made parties to the suit in which the receiver was appointed. (High, Receivers, 4th ed., secs. 192a, 199b; *Metropolitan Trust Co. v. Lake City's Elec. Ry. Co.,* 100 Fed. 897.)

"Those who take receiver's certificates must be deemed to have taken them subject to the rights of parties who have prior liens upon the property, and who have not, but should have, been brought before the court." (*Union Trust Co. v. Ill. M. Ry. Co.,* 117 U. S. 434, 6 Sup. Ct. 809, 29 L. ed. 963; *Laughlin v. U. S. R. S. Co.,* 64 Fed. 25; *Hervey v. Railroad Co.,* 28 Fed. 169.)

Receiver's certificates cannot be issued at a higher rate of interest than that allowed by law. (High, Receivers, 4th ed., sec. 498d; 24 Am. & Eng. Ency. of Law, 41; *Meyer v. Johnston,* 53 Ala. 237.)

Sullivan & Sullivan, Wyman & Wyman, and E. M. Wolfe, for Defendants.

There is no right of redemption from a receiver's sale. (34 Cyc. 333; High on Receivers, sec. 199c; Alderson on Receivers,

p. 811, sec. 598; *Watkins v. M. T. M. Co.,* 41 Minn. 150, 42 N. W. 862; *Mer. R. Co. v. Stetson,* 120 Iowa, 324, 94 N. W. 859; *Blair v. Ill. Steel Co.,* 159 Ill. 350, 42 N. E. 895, 31 L. R. A. 269; 17 Am. & Eng. Ency. of Law, 1084.)

Court has power to order the sale of the property in the possession of a receiver without the right of redemption. (Alderson on Receivers, p. 811, sec. 595.)

Where through the appointment of a receiver, and by the sale directed to be made, the appropriation of the entire assets of the insolvent corporation to the payment of its debts are contemplated, the receiver's sale is absolute, and there is no right of redemption. And the general statute as to the redemption of real estate sold upon execution, judgment or decree does not apply to receiver's sales under such circumstances. (*Watkins v. M. T. M. Co., supra; Blair v. I. S. Co.,* 159 Ill. 350, 42 N. E. 895, 31 L. R. A. 269.)

A right to redeem from judicial sales exists only when given by statute. (Rorer on Judicial Sales, sec. 1148.) After sale by a receiver and confirmation thereof, the title to the property rests in the purchaser. (12 Current Law, 1658; *Dilley v. Lumber Co.* (Tex. Civ. App.), 114 S. W. 878; *Koontz v. Northern Bank,* 83 U. S. 196, 21 L. ed. 465.)

AILSHIE, J.—The plaintiff applied to this court for an alternative writ of prohibition against Hon. E. A. Walters, a judge of the fourth judicial district, and O. E. Cannon, a receiver appointed by and acting under the direction of the judge of said court, to prohibit and restrain further proceedings under an order of sale made and entered by the judge of said court. At the suit of a creditor of the Great Western Beet Sugar Co. a receiver was appointed to take charge of the property and business of the corporation, who thereafter qualified and took charge of its property and continued to conduct the business under the direction of the court.

Various phases of that question have been considered by this court in the following cases: *Idaho Fruit Lands Co. v. Great Western Beet Sugar Co. et al.,* 17 Ida. 273, 105 Pac. 562; S. C., 18 Ida. 1, 107 Pac. 989; *Hewitt v. Great Western Beet Sugar Co.,* 20 Ida. 235, 118 Pac. 296.

The plaintiff herein held a mortgage on the property of the Great Western Beet Sugar Co., and on about August 4, 1908, commenced his action in the district court of the fourth judicial district in and for Elmore county, to foreclose the same, and such proceedings were thereafter had as resulted in the entering of a decree of foreclosure on July 21, 1910, adjudging the plaintiff entitled to recover the sum of $109,275 from the Great Western Beet Sugar Co., and giving him a decree of foreclosure for that sum. It appears that the receiver in some way became a party to this foreclosure suit. Whether he was brought in by order of the court or by supplementary proceedings or on petition in intervention does not appear, but that he was taken into consideration and treated as a party to the action by the decree is clear upon the face of the decree itself. Most of the defendants defaulted, but a number appeared and answered and filed cross-complaints. It was adjudged and decreed that some nine of these defendants had claims that were prior and superior to the claim of the plaintiff. They were accordingly given priorities by the decree. The decree thereupon describes the property to be sold and orders and adjudges that the property shall be sold by the receiver, and out of the proceeds of the sale, the receiver shall pay, "All costs, claims and expenses incurred by said receiver, including all receiver's certificates issued by said receiver, prior to the date of such payment, and all receiver's certificates heretofore issued by Norman Isachson, receiver, under order of this court, for his costs and expenses as receiver, and for the care, preservation, protection, repair and maintenance of said system, and the costs of sale, and all other expenses of whatsoever kind properly chargeable against said estate." This foreclosure decree further adjudged and decreed, "That the said The Great Western Beet Sugar Co. and all persons claiming by, through, or under it, and all lien claimants and judgment creditors be debarred and foreclosed of all right of redemption from such sale, and upon such sale being confirmed by the court, or the judge thereof at chambers, said receiver shall execute and deliver a deed or deeds of conveyance of the property so sold to the purchaser or purchasers

thereof.'' Thereafter and on October 17, 1911, the attorneys who represented the plaintiff Hewitt in the foreclosure suit and the attorneys who represented the defendants who appeared in that case signed a stipulation which was entitled in the receivership case, and filed the same with the receiver. This stipulation is as follows:

"In the Matter of the Receivership of THE GREAT WESTERN BEET SUGAR CO.

"To O. E. Cannon, Receiver:

"The undersigned, attorneys for parties plaintiff and defendant in that certain action in the District Court of the Fourth Judicial District of the State of Idaho, in and for Elmore County, wherein Henry Hewitt, Jr., was plaintiff, and the Great Western Beet Sugar Co. et al., were defendants, present herewith a copy of the decree made and entered in said action for your approval, and request that said parties plaintiff and defendant, each of them respectively, be accepted and admitted by you as creditors, mortgagees and lien holders of said Great Western Beet Sugar Co., and in the order of priority as in said decree set forth.

"Dated October 17, 1911.

               "J. G. WATTS.

               "J. M. OWEN.

               "L. B. GREEN.

               "E. M. WOLFE.

               "W. C. HOWIE.

               "DAN McLAUGHLIN and

               "PAGE & ENGLERT.

               "J. L. NIDAY.

               "B. T. GRIFFITH.

               "IRA E. BARBER.

               "CHAS. F. KOELSCH.

               "CAVANAH & BLAKE.

               "A. F. SOLISS by O. O. HAGA.

               "RICHARDS & HAGA.

               "K. I. PERKY.

               "WYMAN & WYMAN,

                    "For BESSIE STOETZEL.''

Thereafter and on November 10, 1911, the judge heard the petition and application of the receiver for authority and an order to sell the property of the Great Western Beet Sugar Co., and thereupon made and entered an order directing a sale of the property and estate of the company in the hands of the receiver. At the same time the court directed that the same preferences, priorities, and order of distribution of the proceeds of the sale be observed as directed by the decree of foreclosure. It is parts of this order of sale that the plaintiff herein contends are in excess of and beyond the jurisdiction of the court. It contains a great many recitals and orders and directions to the receiver, which it is unnecessary to recite or consider here. We will only give the substance and effect of those portions of the order to which the plaintiff herein objects and urges as constituting an excess of jurisdiction. They are in substance as follows:

1. The order adjudged all indebtedness and expense of all kinds incurred by O. E. Cannon, as receiver, and by his predecessor, one Norman Isachson, aggregating upward of $43,000, to be a first and prior lien on the property covered by the mortgage of the plaintiff herein, and that the same should be paid before the payment of the plaintiff or any of the other liens or claims adjudged and decreed by the foreclosure judgment;

2. The order directed that no bid should be received or accepted by the receiver for a less sum than $56,546.79;

3. It was ordered and directed that the receiver after making the sale should pay all receiver's certificates, together with the interest thereon at the rate of 10% per annum from the date of their issuance;

4. It was ordered and directed that the sale should be made *without the right of redemption,* and that no redemption should be allowed after the acceptance of the bid and the confirmation of the sale by the judge of the court and that a deed absolute should thereupon be made to the purchaser.

We will consider the foregoing questions in the order in which they are above stated.

1. It has already been adjudicated by this court that the trial court had the power and authority in this case to authorize the receiver to issue receiver's certificates and to make them a prior and first lien against the property of the company superior to all existing mortgages and other liens and encumbrances. (*Hewitt v. Great Western Beet Sugar Co.,* 20 Ida. 235, 118 Pac. 296.) The case, however, in which the foregoing adjudication was made only involved the certificates amounting to $17,675 issued by the receiver, Isachson, under order and direction of the court. The balance of the receiver's certificates approximating about $25,000 were issued by the receiver Cannon, who is the successor of Isachson. It is firmly established, however, in this state that a court of equity has the power and authority to appoint a receiver to take charge of property and to care for and protect the same, and decree the charges therefor as a prior claim and lien against the property paramount to all mortgages or other liens or encumbrances. (*Dalliba v. Winschell,* 11 Ida. 364, 114 Am. St. 267, 82 Pac. 107; *Hewitt v. Great Western Beet Sugar Co.,* 20 Ida. 235, 118 Pac. 296.)

2. The fact that the trial judge fixed the sum of $56,546.79 as the minimum bid for the property which would be received or considered was not an excess of jurisdiction, and it cannot be ascertained whether it was even erroneous or not until after an attempt has been made under such order to sell the property and it has actually been exposed for sale. The court has had this property in its custody for a couple years and is presumably familiar with the nature and character of the property and its approximate value. If a bid had been received and accepted by the receiver, the court would nevertheless be at liberty to reject the bid as not being adequate or commensurate with the value of the property. It appeals to us as being a very proper and wise exercise of the discretion of the court to fix a minimum bid in the first place if the court is at the time of making the order of sale so advised or informed as to enable it to fairly judge of the probable value of the property. This practice seems to have been adopted by other courts and to have received the sanction of appellate

courts. (See *Bryan & Brown Shoe Co. v. Black*, 52 Ark. 458, 12 S. W. 1073; *Slaughter v. Strother*, 99 Ga. 633, 27 S. E. 764; *In re Newark Savings Inst.* (N. J.), 9 Atl. 375; 34 Cyc. 319 (v); *First National Bank v. Bunting & Co.*, 7 Ida. 387, 63 Pac. 694; *Nisbet v. Great Northern Clay Co.*, 41 Wash. 107, 83 Pac. 15.)

3. The plaintiff complains of the action of the court in ordering and directing that the receiver's certificates should draw interest at the rate of ten per cent per annum. This, it is urged, was an excess of jurisdiction. The argument in this respect seems to be based on the fact that under our statute, sec. 1537, Rev. Codes, money due on judgments and decrees of courts draws interest at the rate of seven per cent per annum, and that in all cases where there is no express contract in writing fixing a rate of interest, interest shall be charged at the rate of seven per cent. Seven per cent, however, does not mark the *maximum* rate of interest which is permissible in this state. Under sec. 1538, Rev. Codes, parties may agree in writing for the payment of any rate of interest *not exceeding twelve per cent per annum*, and interest does not become usurious in this state until it exceeds the rate of twelve per cent. Now, it must be conceded, we think, and plaintiff's authorities support the proposition, that a court of equity should not and cannot allow a usurious rate of interest, or, in other words, a rate of interest greater than the maximum rate allowed by the law of the state. (*Meyer v. Johnston*, 53 Ala. 237, at page 351; 24 Am. & Eng. Ency. of Law, p. 41, par. 9.) We do not think it wise or expedient to authorize receiver's certificates to draw a greater rate of interest than the statutory rate allowed on judgments and decrees of courts, and this should be especially observed in cases where such certificates are to take precedence over mortgages, judgments and other liens and encumbrances existing at the time that the receivership proceedings are instituted. The fixing of the rate of interest, however, so long as the court keeps within the maximum allowed by law, is not an excess of jurisdiction.

4. The chief objection urged in this proceeding is that the court exceeded its jurisdiction in ordering and directing that the sale should be made, without the right of redemption, and that upon the confirmation of such sale a deed absolute should be executed and that no redemption should be allowed from such sale. This objection presents a question which must be determined upon the peculiar facts and conditions of this particular case. In the first place, it is conceded that the statute of this state nowhere in express terms grants the right of redemption from a receiver's sale. The statute confers the right of redemption from sales made on execution (sec. 4491) and foreclosure sales (sec. 4520) and other sales under foreclosure of various liens. Under sec. 4491, a creditor having a lien by judgment or mortgage on the property sold, subsequent to the lien on which the sale was made has the right of redemption, the same as the judgment debtor would have. The plaintiff in this case would have under the statute the right to redeem the property from any sale made for the satisfaction of judgments or liens that were prior to his mortgage. It is now claimed that to deprive him of the right of redeeming the property from any sale that may be made for the purpose of raising the preferred sum of $56,546.79 required by the court in order to liquidate the receiver's certificates and other liens prior to the plaintiff's mortgage has the effect of depriving him of his property without due process of law, in that it deprives him of his right of redemption which was conferred by statute at the time he took the mortgage. As to whether or not the plaintiff could have been brought in to the receivership proceedings without his consent and over his protest and had his mortgage and claim subjected to that proceeding and the property sold by the receiver without the right of redemption for the purpose of paying the expenses of the receiver and other prior claims and applying any balance to the payment of plaintiff's claim, is a doubtful question and one upon which the authorities are by no means clear.

For discussions of the right and power of courts to order receiver's sales without the right of redemption, see the follow-

ing authorities, which have been cited by respective counsel:
*Locey Coal Mines v. Chicago, Wilmington & Vermillion Coal
Co.*, 131 Ill. 9, 22 N. E. 503, 8 L. R. A. 598; *Watkins v. Minn.
Thresher Mfg. Co.*, 41 Minn. 150, 42 N. W. 862; *Farmers'
Loan & Trust Co. v. Iowa Water Co.*, 78 Fed. 881; *Pacific N.
W. Pkg. Co. v. Allen*, 116 Fed. 312, 54 C. C. A. 648; *Hammock v. Farmers' Loan & Trust Co.*, 105 U. S. 77, 26 L. ed.
1111; *McKenzie v. Bismarck Water Co.*, 6 N. D. 361, 71 N. W.
608; *Dilley v. Jasper Lumber Co.* (Tex. Civ. App.), 114
S. W. 878; *Mercantile Realty Co. v. Stetson*, 120 Iowa, 324, 94
N. W. 359; High on Receivers, 4th ed., sec. 199c; *Blair v.
Illinois Steel Co.*, 159 Ill. 350, 42 N. E. 895, 31 L. R. A. 269.

It is unnecessary, however, for us to determine that question in this case, and we reserve our judgment thereon, for
the reason that the facts of this case remove it from the contingency above suggested. Here in some way the receiver was
either brought in or voluntarily came into plaintiff's foreclosure proceeding, and instead of the plaintiff's decree directing that the *sheriff* sell the property to make the amount
of plaintiff's debt and costs, it directs that the *receiver* sell
the property and it likewise directs that the receiver first retain the cost of the sale, and, secondly, the amount of the receiver's certificates, and then pay the liens and claims that
are prior to the plaintiff before applying any of the proceeds
to the payment of plaintiff's mortgage debt. It also directs
that the sale be made *without right of redemption* and that a
deed absolute be given. This judgment and decree has become final and the plaintiff prosecuted no appeal from these
objectionable features of his decree. Pursuing this course
of action and acquiescence on the part of plaintiff a step further, we find that he and all of the defendants who obtained
relief on their cross-bills in the foreclosure proceedings took
their decree over into the receivership case and filed it there
and obtained an order from the court allowing the same preferences in the receiver's sale of the property as had been ordered
under the foreclosure decree, and they there filed their judgments and claims with the receiver and asked that the same
be allowed and that they be accepted as creditors of the

Great Western Beet Sugar Co. Under this state of facts, there is no doubt but that the plaintiff is, and all other parties to the foreclosure suit are, bound by the judgment and orders had in the receivership case and are subject to the order of the court directing the sale of the property without the right of redemption. In other words, the sale here being made is not a sale on foreclosure but is a sale by the court's receiver under direct authority and supervision of the court. The plaintiff has consented to and acquiesced in the order and decree and is now bound thereby. Under the facts of this case, the court had the authority and jurisdiction to order that the sale be made without the right of redemption, and such order is binding on all parties to the proceedings and will effectually bar all such parties and their privies from any right of redemption they might otherwise have had.

The demurrer to the complaint is sustained, the writ is quashed and the action is dismissed. Costs awarded to defendants.

Stewart, C. J., and Sullivan, J., concur.