STATE *ex rel.* TOBIN, INS. COM'R, *v.* INDEPENDENT LIFE
INS. OF AMERICA *et al.*

(*Nashville,* December Term, 1936.)

Opinion filed January 7, 1937.

WALKER & HOOKER, of Nashville, for appellant.

E. J. WALSH, of Nashville, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

From a decree dismissing its intervening petition herein on demurrer, the Third National Bank has appealed. The principal suit is one brought in the name of the State, on relation of the Insurance Commissioner, under Code, section 6100, to take possession of the property of defendant Insurance Company and settle its affairs. The commissioner was appointed receiver of defendant company and, reaching the conclusion that the company was insolvent, with approval of the court, the receiver entered into an agreement with the Standard Life Insurance Company of the South, referred to as a reinsurance agreement and declaration of trust, whereby the Standard Life Insurance Company took over the assets and reinsured the policies of defendant company, and authority was conferred on the Standard Life Insurance Company to sell such assets and hold the proceeds in trust to pay policyholders, creditors, and stockholders of said Independent Life Insurance Company.

In July, 1936, petitioner Third National Bank made a written offer to the commissioner, as receiver, and to the Standard Life Insurance Company, as trustee afore-

said, proposing to purchase certain real estate in Nashville known as the Independent Life Building, for the sum of $275,000. The Standard Life Insurance Company, trustee, and the commissioner, receiver, submitted the offer to the court, and, after a full investigation of the matter by the court, the chancellor adjudged that the offer was to the best interests of all parties and that it be accepted.

Somewhat later, petitioner Third National Bank filed this petition, pointing out that its aforesaid offer was conditioned on good title to the property being furnished, that further examination had disclosed two defects in the title of the Independent Life Insurance Company to the parcel of land involved and asking that the petitioner be relieved of its offer, unless the court should be of opinion and decree that the two objections to the title were groundless.

As heretofore stated, a demurrer was interposed to this petition by the commissioner, as receiver, and by the Standard Life Insurance Company, as trustee. Upon the hearing the chancellor found that the title of the Independent Life Insurance Company was good and the petition was accordingly dismissed.

The first objection made to the title offered petitioner is that the purchase contemplated by petitioner, and sanctioned by the court below, is for cash, and that petitioner is to be vested with absolute title without any right of redemption on the part of defendant Independent Life Insurance Company.

Petitioner refers to section 7736 of the Code as follows:

"Real estate sold for debt shall be redeemable at any time within two years after such sale: . . .

"(2) Where it is sold under any decree, judgment, or order of a court of chancery, whether founded upon a foreclosure or a mortgage, or deed of trust, or otherwise, unless, upon application of the complainant, the court orders that the property be sold on a credit of not less than six months, nor more than two years."

The answer to this objection is that the proceeding in which the petition herein was filed was not a proceeding to sell real estate for debt. So far as the record before us shows, there was no matured indebtedness existing against defendant Independent Life Insurance Company at the time the bill was brought. The bill was filed to conserve the interest of policyholders, not by a creditor, but by an officer of the State to enforce a police measure enacted for the protection of the insuring public. The object of the bill was, under the statute, to settle the affairs of the Independent Life Insurance Company, the commissioner's examination having led him to believe that the company was insolvent. Section 6100 of the Code is in these words:

"If, upon examination, the commissioner is of opinion that any domestic insurance company is insolvent, or has exceeded its powers, or has failed to comply with any provision of the law, or that its condition is such as to render its further proceedings hazardous to the public or to its policyholders, he shall apply to a court of competent jurisdiction, through the attorney-general, to issue an injunction restraining it, in whole or in part, from further proceeding with its business. Such court may, in its discretion, issue the injunction forthwith or upon notice and hearing thereon; and, after a full hearing of the matter, may dissolve or modify such injunction or make it perpetual, and may make all orders and decrees

needful in the premises, and may appoint receivers to take possession of the property and effects of the company and to settle its affairs, subject to such rules and orders as the court may from time to time prescribe, according to the course of proceeding in equity. The attorney-general shall be allowed compensation for his services out of the assets of the delinquent company.''

The distinction we make between a suit like this and a suit to enforce a debt is illustrated by the Illinois cases. *Locey Coal Mines* v. *Chicago, Wilmington & Vermillion Coal Co.,* 131 Ill., 9, 22 N. E., 503, 8 L. R. A., 598, was a creditor's suit to enforce the payment of a judgment. A receiver was appointed for defendant company and it was held that the court could not approve the receiver's sale of real estate free from redemption because of a statute which conferred the right of redemption when land was sold ''for the payment of money.'' *Blair* v. *Illinois Steel Co.,* 159 Ill., 350, 42 N. E., 895, 31 L. R. A., 269, was a suit seeking, among other things, a dissolution of a corporation, and the ascertainment and enforcement of the individual liability of stockholders and directors. In this case the suit was held to be one under ''the winding up statute'' of Illinois, and it was ruled that the redemption statute did not apply to a sale made by the receiver. In other words, the latter suit was not one ''for the payment of money.''

There seems to be a disagreement as to the power of courts in suits to sell land ''for debt,'' ''payment of money,'' or such ends, to order a receiver's sale of realty free from redemption. Such a question does not arise in a case like this one. See *Hewitt* v. *Walters,* 21 Idaho, 1, 119 P., 705, Ann. Cas., 1913C, 35; High on Receivers

(4 Ed.), sec. 199 c., 53 C. J., 227, and cases referred to in these citations.

■ The second objection made to the title offered petitioner is that more than 30 years ago this particular parcel of land, in which parties then minors had an interest, was sold in a proceeding in the chancery court of Davidson county. The minors were more than 14 years of age and the petitioner refers us to section 9229 of the Code providing that in proceedings in chancery to sell the property of infants "the infant, if over fourteen years of age, shall answer the bill in person."

As a matter of fact, a joint answer was filed in the old case by the guardian *ad litem* of these infants and the infants themselves. Both infants signed the answer, as well as the guardian *ad litem.*

We think this was sufficient. Section 9229 of the Code does not provide that the infant shall file a separate answer, apart from the answer of the guardian *ad litem,* and we see no objection to the infant and the guardian *ad litem* joining.

In *Johnson* v. *Covington,* 148 Tenn., 47, 251 S. W., 893, 897, the minor defendants over 14 years of age filed no personal answer at all. Only a guardian *ad litem* answered for them. This court said:

"The court had jurisdiction of all the parties and of the subject-matter. The court himself appointed a guardian *ad litem,* who not only filed an answer for said minor defendants, but who represented them throughout the litigation. The record in that cause shows that the decree entered by the chancellor was a beneficial one for said minor defendants. The only effect of filing personal answers would have been to acquaint the chancellor with their personal views relative to the sale of the 120-acre

tract and the reinvestment of the funds in the 60-acre tract. After all, it was a question finally for the court, acting for them, to say what was for their best interest, and this he did."

Section 8586 of the Code, the 30 years' statute of limitation, upon the facts appearing, furthermore cuts off any claim that could be advanced in behalf of the minors aforesaid.

We are of opinion that the chancellor's decree was correct and the same is affirmed.