**In re the Voluntary Dissolution of AMITAD, INC., f.k.a. Space Center Minnesota, Respondent.**

**The Voluntary Dissolution of QUINTAR, INC., f.k.a. Space Center Chicago, Respondent,**

v.

**MBC, INC., et al., Appellants.**

**No. C4–86–1276.**

Court of Appeals of Minnesota.

Dec. 16, 1986.

James A. Rubenstein, Steven J. Dzurak, Minneapolis, for Amitad, Inc.

Sidney L. Levin, Minneapolis, for Quintar, Inc.

Timothy A. Sullivan, St. Paul, for MBC, Inc.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

This appeal questions the remedies available to a judgment creditor where the debtor corporation files for involuntary dissolution and obtains an injunction staying execution of the judgment. We reverse and remand.

## FACTS

MBC, Inc., CORM, Robert A. Mortimer, and Charles Mortimer (MBC) were in the public warehousing business in Illinois. They sold certain warehousing assets to Amitad, Inc. (formerly known as Space Center, Minnesota) and Quintar, Inc. (formerly known as Space Center, Chicago). Quintar is a wholly owned subsidiary of Amitad. Amitad is a wholly owned subsidiary of Space Center, Inc. Space Center, Inc. is not a party to this appeal. MBC obtained a judgment in Illinois against Amitad and Quintar for nonpayment of its contract obligation. Judgment against Amitad and Quintar was ordered on January 8, 1986, in the amount of $1,629,310 plus attorney fees.

MBC filed the Illinois judgment in Ramsey County on January 28, 1986. According to the Uniform Enforcement of Foreign Judgments Act (UEFJA) there is a twenty-day waiting period after filing before collection can begin. Minn.Stat. § 548.28, subd. 3 (1984). On February 12, 1986, prior to the expiration of the waiting period, Amitad and Quintar filed for voluntary dissolution in Hennepin County.

On February 21, 1986, upon petition of Amitad and Quintar, two orders were entered by the trial court. The first appointed a receiver to take possession of the property and business affairs of Amitad and Quintar and administer them under the supervision of the trial court pursuant to the dissolution provisions of Minn.Stat. §§ 302A.701–.791 (1984). The second order

imposed a temporary injunction barring all actions to enforce the collection of claims against Amitad and Quintar. The injunction was not supported by trial court findings or any alternative statement explaining why the relief was appropriate. This court also stayed execution of MBC's judgment against Amitad and Quintar. The second order required Amitad and Quintar to post bond in the amount of $50,000 as security.

The court subsequently ordered the receiver to pay MBC an amount equivalent to 22 percent of any payment made to other pre-receivership creditors, but the court ordered the payment held in an interest-bearing escrow account in Minnesota pending further orders of the court. At the time of this appeal payments totaling $200,000 were held in escrow.

MBC is the sole judgment creditor of the respondent corporations. The only other potentially significant creditor is Space Center, Inc. However, one of the issues in the dissolution proceeding is whether Space Center's claim is as a creditor or investor.

On June 27, 1986, MBC filed a motion in Hennepin County District Court requesting various types of relief. On July 10, 1986, the court issued its order denying MBC's motion in its entirety. The court refused to dissolve the injunction staying MBC's right to execute on their judgment; denied MBC's request to remove from the escrow account the payments made to MBC in partial satisfaction of their judgment; refused to prohibit payments to Space Center Inc. or to hold such payments in escrow; denied MBC's request to conduct discovery concerning payments to Space Center; and declined to require Amitad and Quintar to post bond equal to the amount of MBC's judgment as security during the injunction period. Once again the court acted without suggesting why its actions were appropriate. MBC appeals the trial court's July 10, 1986 order.

## ISSUE

Is the trial court decision supported by adequate findings of fact?

## ANALYSIS

■ The court ordered the temporary injunction on February 21, 1986. MBC appeals from the subsequent order denying MBC's June 27, 1986 motion in its entirety, including the refusal to dissolve the temporary injunction. A trial court's refusal to dissolve a temporary injunction will be reversed where there is a clear abuse of discretion. *See Foote v. City of Cosby*, 306 N.W.2d 883, 884 (Minn.1981).

The Minnesota Rules of Civil Procedure expressly require findings of fact and conclusions of law whenever a court grants or refuses to grant an interlocutory injunction. Minn.R.Civ.P. 52.01. The purpose of requiring findings is to demonstrate to the parties the standards utilized and to facilitate appellate review. *Rosenfeld v. Rosenfeld*, 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976). Where the trial court has broad discretion, the Minnesota Supreme Court has demonstrated persistence in demanding findings to explain the trial court's exercise of discretion. *Moylan v. Moylan*, 384 N.W.2d 859, 865 (Minn.1986); *Wallin v. Wallin*, 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971); *see also Crowley Co. v. Metro Airports Commission*, 394 N.W.2d 542 (Minn.Ct.App.1986) (court of appeals remanded due to lack of findings supporting denial of temporary injunction). We recognize there are exceptional cases where appellate review may proceed in the absence of findings. *See Crowley*, 394 N.W.2d at 545. None of the exceptions is applicable here.

The trial court has almost wholly choked off the rights of the only judgment creditor of the two corporations, and has done so with neither findings of fact nor a statement of reasons for this course of action. The trial court refused to lift the injunction and refused to allow removal of money paid to MBC that is currently held in escrow. The court enlarged the impact of its order by refusing to cut off payments made to Space Center. The court has permitted the receiver to make major payments to Space Center, Inc., the parent

corporation of Amitad and Quintar. Respondents claim the payments are for goods and services provided during the dissolution, but the payments are suspect because of the deep financial relationship between Space Center and the two dissolving corporations. *See Snyder Electric Co. v. Fleming*, 305 N.W.2d 863, 867 (Minn.1981); *B.S. Rigging & Erection, Inc. v. Wydella*, 353 N.W.2d 163, 168 (Minn.Ct.App.1984).

Further impairing appellants' right to proceed, the court denied them any discovery as to the allegedly improper payments to Space Center. Finally the court refused to increase respondents' bond securing MBC's judgment during the stay of execution. The court approved for the second time a bond in the amount of $50,000 to secure a $1,629,310 judgment. The party granted a temporary injunction must provide security "in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party * * * wrongfully enjoined." Minn.R.Civ.P. 65.03(1).

■ We are unable to determine from the record whether there are adequate reasons for the trial court's action. Without trial court findings we are not in a position to judge whether the temporary injunction jeopardizes the rights of MBC or unlawfully accommodates an insider creditor. The complete absence of findings in this case compels us to remand to the trial court for both findings of fact and conclusions of law.

Various provisions of the Minnesota Business Corporation Act should govern on remand. The statutes authorize the court supervising a voluntary dissolution proceeding to issue an injunction to preserve the corporate assets and carry on the business of the corporation until a full hearing can be held. Minn.Stat. § 302A.753, subd. 1 (1984). While we recognize the utility of an injunction to assist the court in exercising its supervisory role during a voluntary dissolution, the injunction combined with the denial of each of appellants' requests may improperly destroy appellants' ability to execute their judgment in the future. Supervised voluntary dissolution proceedings do not stop the remedies of judgment creditors. Minn.Stat. § 302A.723, subd. 3 (1984). The comments to this section state that "the powers and liabilities of a dissolving corporation remain the same as those of a going concern." Minn.Stat.Ann., § 302A.723 (West 1985). Furthermore, the statutes anticipate that creditors will receive payment as soon as possible. The corporation "shall proceed as soon as possible * * * [t]o pay or make provision for the payment of all debts, obligations, and liabilities of the corporation according to their priorities." Minn.Stat. § 302A.725, subd. 1(b) (1984). The corporation act contemplates that the corporation will proceed to terminate the business and carry on business only as necessary to dissolve the corporation. *See* Minn.Stat. § 302A.723, subd. 2 (1984). On remand the trial court should provide findings and conclusions of law that demonstrate that the temporary injunction and the denial of each of appellants' motions is consistent with the rights and equities of the parties under controlling statutes.

## DECISION

The order of July 10, 1986 is reversed and remanded for further proceedings on appellants' motion. Due to the magnitude of the issues, we require that the trial court expedite this case with priority over other pending litigation.

Reversed and remanded.