**In re Receivership and Dissolution of TELESPORTS PRODUCTIONS, INC.**

No. C3–91–747.

Court of Appeals of Minnesota.

Nov. 5, 1991.

R. James Jensen, Jr., pro se.

Michael C. Black, pro se.

Considered and decided by KLAPHAKE, P.J., and CRIPPEN and LOMMEN, JJ.

## OPINION

### A. PAUL LOMMEN, Judge *.

This is an appeal from an order vacating a writ of execution. The writ was issued based on a judgment obtained by appellant in conciliation court against a corporation in involuntary dissolution. We affirm.

## FACTS

This appeal arises out of litigation involving the involuntary corporate dissolution of Telesports Productions, Inc. (the company). The original action was commenced by plaintiff John Ritter, a minority shareholder in the company. The other three shareholders were Walter Robert Mehsikomer, his wife Dawn, and his brother Michael. The trial court ordered involuntary dissolution pursuant to Minn.Stat. ch. 302A and appointed respondent Michael C. Black as receiver. In the months following his appointment, Black undertook the collection and liquidation of the corporate assets. Black established a receivership account at Commercial State Bank in St. Paul entitled "Telesports Productions, Inc., Receivership, Michael C. Black." At the end of February 1991, when the liquidation process was complete, there was $7,563.20 in the account.

Appellant R. James Jensen, Jr. was counsel of record for the company prior to the dissolution litigation and represented the interests of the majority shareholders both before and after the involuntary dissolution was ordered. Jensen filed a claim in conciliation court against the company for $2,221.60 as payment for his legal services. Jensen subsequently notified respondent he was claiming a lien for attorney fees pursuant to Minn.Stat. § 481.13 (1988) in the amount of $2,221.60. Respondent notified Jensen that as the receiver of the company, respondent would not honor the lien. Jensen pursued the conciliation court action and obtained a default judgment dated February 15, 1991, against the company.

On March 11, 1991, respondent filed a motion for an order approving his report and account, directing that the receivership funds be distributed in the manner recommended by the receiver, entering a decree of dissolution of the company, discharging the receiver from all further duties, and ordering Jensen and his clients, the majority shareholders, to pay attorney fees and disbursements to the receiver for bad faith. Notice of this motion was served on all claimants and interested parties, including Jensen, on February 27, 1991. A motion hearing was scheduled for March 18, 1991.

On March 18, 1991, after Jensen received notice of the motion but before the scheduled hearing, Jensen secured a writ of execution based on the conciliation court default judgment and levied upon the receivership account pursuant to Minn.Stat. § 550.041 (1988). Respondent then brought a supplemental motion for an order requiring Jensen to release his claim to the levied funds. Respondent also moved for bad faith attorney fees, costs and Rule 11 sanctions.

By order dated April 4, 1991, the trial court granted the relief sought by respondent, except for the award of attorney fees and costs and for the imposition of sanctions. Thus, the trial court approved the receiver's report and account, ordered the distribution of the funds as the receiver had recommended, directed the receiver to

* Retired judge of the district court acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

prepare a decree of dissolution of the company, ordered that the writ of execution be vacated, and ordered Jensen to notify the bank that the levy against the receivership funds was released. On appeal, Jensen challenges the vacation of the writ of execution on the receivership funds and release of the levy.

## ISSUE

Did the trial court err by vacating the writ of execution issued against receivership funds of the corporation while undergoing involuntary dissolution?

## ANALYSIS

In its July 27, 1989, order for involuntary dissolution, the trial court found that the controlling shareholders of the company had acted in a manner "unfairly prejudicial" toward plaintiff John Ritter in violation of Minn.Stat. § 302A.751, subd. 1(b) (1988). When such circumstances are established,

> a court may grant any equitable relief it deems just and reasonable in the circumstances or may dissolve a corporation and liquidate its assets and business.

Minn.Stat. § 302A.751, subd. 1 (1988). Accordingly, the trial court ordered the dissolution of the corporation and appointed respondent as receiver to conduct the dissolution. The court appointing the receiver has exclusive jurisdiction over the corporation and its property. Minn.Stat. § 302A.755, subd. 2 (1988).

■ The receiver's powers are defined by the orders of the court and include implied authority necessary to implement those orders. *Hancock–Nelson Mercantile Co. v. Weisman*, 340 N.W.2d 866, 869 (Minn.App.1983); *see also*, Minn.Stat. §§ 302A.753, 302A.755. In its order for dissolution, the trial court granted respondent the powers listed in sections 302A.753 and 302A.755 to accomplish the dissolution. (These powers included: authority to preserve the corporate assets wherever situated; authority to sell, lease, transfer, or otherwise dispose of all or any of the property and assets of the corporation; authori-

ty to sue and defend in all courts as receiver of the corporation.)

■ A receiver is a representative of the court. *Sibley County Bank v. Crescent Milling Co.*, 161 Minn. 360, 361, 201 N.W. 618, 619 (1925). Because it is not practicable for the court to do the physical work in connection with taking possession and preserving the property, the court appoints the receiver to act for it. *Id.* The assets and all interests in the assets are not only in the possession of the receiver but are also in the possession and custody of the court. *Hancock–Nelson*, 340 N.W.2d at 869.

■ The property in the receiver's possession, collected at the court's direction, is in *custodia legis*. *Sibley County Bank*, 161 Minn. at 361, 201 N.W. at 619. That is, the property is in the custody of the law. Creditors have no right to interfere with property held in *custodia legis* or acquire liens upon it which if enforced would affect the rights of those acquiring title under the receiver's distribution with the authority of the court. *Watkins v. Minnesota Thresher Mfg. Co.*, 41 Minn. 150, 151–52, 42 N.W. 862, 863 (1889).

In its order vacating the writ of execution, the trial court concluded:

> Money and property collected and held by a receiver are said to be in *custodia legis* and may not be subjected to levy of execution or garnishment but rather may be disbursed only upon court order. Attorney Jensen had actual knowledge of the receivership and therefore was required to apply to the court for release of the funds in question. Mr. Jensen's action in levying on the funds was without legal authority and was improper.

Thus, the trial court vacated the writ of execution and ordered Jensen to immediately notify the bank holding receivership funds of the release of the levy against the funds. We agree with the reasoning of the trial court.

■ Appellant argues that a corporate receivership extends jurisdiction of the court only as far as the corporate parties, and creditors are not prejudiced by the receivership. To support his position, ap-

pellant cites *In re Voluntary Dissolution of Amitad, Inc.*, 397 N.W.2d 594 (Minn. App.1986). In *Amitad*, an Illinois judgment was obtained against a corporation. The creditor filed the Illinois judgment in Minnesota. Before the statutory waiting period before collection expired, the corporation filed for voluntary dissolution. The trial court appointed a receiver and issued a temporary injunction barring all actions to enforce the collection of claims against the corporation. Thus, execution of the creditor's judgment was stayed. Because the trial court made no findings and failed to explain its reasoning for issuing the injunction, this court reversed and remanded for further proceedings. *Id.* at 596–97. The opinion did not limit the trial court's power to issue such an injunction based on adequate findings. *Id.*

Citing Minn.Stat. § 302A.723, subd. 3 (1984), this court explained that "supervised *voluntary* dissolution proceedings do not stop the remedies of judgment creditors". *In re Amitad*, 397 N.W.2d at 597 (emphasis added). Appellant argues this sentence from *Amitad* mandates an outcome in his favor. This case involves an *involuntary* dissolution and, therefore, section 302A.723, subdivision 3 does not apply.

Appellant also argues that if the trial court's decision is allowed to stand, any corporation need only file for dissolution to stop collection activities against it. However, where a corporation files for dissolution on its own, it is a *voluntary* dissolution. This court held *"voluntary* dissolution proceedings do not stop the remedies of judgment creditors." *In re Amitad*, 397 N.W.2d at 597 (emphasis added).

## DECISION

A creditor may not levy on funds held by the receiver of a corporation undergoing involuntary dissolution. The trial court did not err by vacating the writ of execution.

Affirmed.